MARCUS, Justice.
Terry Anthony Glass was charged in the same information with seven counts of simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2. Defendant entered a plea of not guilty to all seven counts at the arraignment but later withdrew his former plea and entered a plea of guilty to four counts of simple burglary pursuant to a plea bargain with the state. He was sentenced on counts one and two to four years at hard labor on each count, the sentences to run concurrently with each other. On counts three and four, he was sentenced to four years at hard labor on each count, the sentences to run concurrently with each other but consecutively with those of counts one and two. In effect, he was sentenced to two consecutive terms of four years each for a total of eight years. At a hearing on defendant’s motion to set bail after sentence pending appeal, the trial judge refused to allow bail, ruling that such was discretionary under La. Const, art. 1, § 18 and La.Code Crim.P. art. 314, and in exercising that discretion, denied bail. Upon defendant’s application, we granted certiorari to review the correctness of these rulings.[1]
Defendant contends the trial judge erred in ruling that La.Const. art. 1, § 18 and La.Code Crim.P. art. 314 confer a discretionary right to allow bail in this case. Alternatively, he argues that the trial judge abused his discretion in denying bail.
Article 1, section 18 of the 1974 Louisiana Constitution provides in pertinent part:[2]
After sentencing and until final judgment, a person shall be bailable if the sentence actually imposed is five years or less; and the judge may grant bail if the sentence actually imposed exceeds imprisonment for five years.
Defendant argues that this provision allows bail after sentence until final judgment if a sentence of five years or less is actually imposed on each count. Therefore, since the sentence imposed on each of the four counts of simple burglary is four years, the right to bail is mandatory, not discretionary, and the trial judge’s refusal to allow bail was error.
The trial judge, however, interpreted the constitutional and statutory provisions as requiring him to aggregate the sentences imposed on all four counts to which defendant pleaded guilty, thereby resulting in a sentence actually imposed in this case of eight years. Therefore, since the sentence exceeded imprisonment for five years, it was discretionary with him whether bail would be allowed pending final judgment.
The narrow issue presented for our determination is whether the right to bail after sentencing and until final judgment should be based on the total sentence actually imposed in the case or rather on the individual sentences imposed on each count. It requires an interpretation of the above quoted constitutional provision.
We consider the better interpretation of this provision to be one that places the right of bail after sentencing and until final judgment upon the total sentence actually imposed on defendant in the case. We are of the opinion that the emphasized language in the constitutional provision, “After sentencing and until final judgment, a person shall be bailable if the sentence actually imposed is five years or less; and the *389 judge may grant bail if the sentence actually imposed exceeds imprisonment for five years,” clearly indicates the total sentence actually imposed in the case. “After sentencing” and “final judgment” refer to phases in a single criminal proceeding or case and “the sentence actually imposed” refers to the total sentence imposed in that case rather than the separate sentences imposed on each count for which defendant was convicted.
In interpreting an accused’s constitutional right to a jury trial in a serious crime exceeding the possible penalty of six months imprisonment under La.Const. art. 1, § 17 in a case where defendant was charged with nine counts of aggravated assault in the same information, we held in State v. McCarroll, 337 So.2d 475 (La.1976):
A jury trial was also required in this case by the wording of our constitutional provision, ... which hinges the right not upon the penalty carried by the particular charge for which an accused is tried, but upon the punishment which may be imposed in each case. La.Const. Art. 1, § 17 (1974). Therefore, where two or more charges are joined for trial the trial to a jury must be determined by the total punishment which may be imposed in that case.
Similarly, where two or more counts are joined in the same indictment for trial, the right to bail after sentencing and until final judgment must be determined by the total sentence actually imposed in that case.
We consider our interpretation of this constitutional provision to be in accord with the obvious purpose for which it was adopted, that is, to prevent a defendant upon whom a severe sentence has been imposed from absconding pending final judgment. The more onerous the sentence imposed, the greater the motivation for defendant to abscond. It is the total length of imprisonment facing the defendant, not the length of its parts, that would encourage a defendant to jump bail and make him a poor bail risk.
In sum, we conclude that “sentence actually imposed” in La.Const. art. 1, § 18 means the total sentence imposed in the case rather than the sentence imposed on each count for which defendant was convicted. Hence, in this case, since the total sentence actually imposed was eight years, the trial judge correctly concluded that defendant had no mandatory right to bail but rather it was discretionary with him.
Alternatively, defendant argues that the trial judge abused his discretion in denying bail pending appeal. At the hearing to fix bail, the trial judge noted that at the sentencing hearing, he did not fix bail for the reason that defendant was by his own admission guilty of seven separate burglaries of inhabited dwellings over a period of time rather than during a single night escapade. Under the circumstances, the trial judge obviously considered defendant a poor bail risk pending appeal. Hence, we are unable to say that he abused his discretion in denying bail.
DECREE
For the foregoing reasons, the rulings of the trial judge are affirmed.

. 386 So.2d 1384 (La. 1980).

. Article 314 of the Louisiana Code of Criminal Procedure parallels the constitutional provision and provides in pertinent part:
After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years.