Relator, Steve Swaggerty, was found guilty of forcible rape (R.S. 14:42) by a jury. On June 30, 1982, the trial judge sentenced the defendant to ten (10) years at hard labor; eight (8) years of which were suspended and defendant was ordered to serve two (2) years in the custody of the Department of Corrections. The court additionally placed the defendant on active probation for a period of five (5) years upon his release and recommended a first offender institution for the term of confinement.
A motion for appeal was filed July 9, 1982. A motion to set bail pending appeal was filed July 13, 1982 and was denied by the trial judge on July 19, 1982. From this ruling the relator has invoked our supervisory jurisdiction pursuant to L.S.A.Constitution Article 5 Section 10.
Relator contends in his application for relief that La.Constitution Article 1 Section 18 and La.C.Cr.P. Article 314 mandates that the trial judge set bail when the sentence actually imposed is less than five (5) years. La.C.Cr.P. Article 314 provides in part:
“After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community.”
Relator argues that Article 314 means that if the sentence imposed does not actually incarcerate the defendant for more than five (5) years, then bail pending appeal is mandatory — rather than discretionary with the trial judge. (Emphasis added.)
We do not agree. In applying the provision of Article 314, the total sentence imposed must be considered. In State v. Glass, 389 So.2d 387 Justice Marcus wrote;
“We consider the better interpretation of this provision to be one that places the right of bail after sentencing and until final judgment upon the total sentence actually imposed on the defendant in this case.”
Accordingly, in this case the total sentence imposed by the court was ten (10) years in the custody of the Department of Corrections. Although a portion was suspended, ten (10) years imprisonment was actually imposed; thus the trial judge had the discretion to deny bail.
We feel he has not abused this discretion given him under C.Cr.P. Article 314.
Writ denied this 30th day of July, 1982, Gretna, Louisiana.
EDWARD A. DUFRESNE, JR., J.
JOHN C. BOUTALL, J.
CHARLES GRISBAUM, JR., J.